## Martin Steinberger v. The State.

*No. 798.     Decided March 4th, 1896.*

### 1. Keeping Saloon Open on Election Day—Variance Between Complaint and Information.

On a prosecution by complaint and information for keeping open a saloon on the day of an election, where the complaint and information conform, as to all the other allegations of a general election, the fact that the information names officers to be elected that are not named in the complaint, constitutes no variance.

### 2. General Election—Judicial Knowledge.

The courts of this State take judicial knowledge of the officers who may be elected at a general election.

### 3. Same—Evidence—Declarations of Third Parties.

On a trial for keeping open a barroom on election day, evidence that other parties told defendant, that it was no offense to open the saloon after the polls were closed, was properly excluded.

### 4. Information—Name of Defendant—Variance as to, Between Complaint and Information.

Where the complaint charged that the offense was committed by "Martin S., Jr.," and the information charged, that it was committed by Martin S., and the proof showed that there were two Martin S's—father and son. Held: It was not necessary for the information to name the party as "Martin S., Jr." and the proof showing that Martin S., Jr., opened the saloon, there was no variance.

### 5. Verdict—How Construed.

A verdict of "guilty" means guilty of the offense charged.

APPEAL from the County Court of Archer.    Tried below before Hon. S. A. DENNY, County Judge.

Appeal from a conviction for keeping open a barroom on election day; penalty, a fine of $100.

On January 11th, A. D. 1895, a complaint was filed against Martin Steinberger, Jr., (the appellant herein), charging the defendant with the offense of unlawfully and wilfully opening and keeping open a barroom saloon house, an establishment where vinous, malt and intoxicating liquors are sold on a day, the same being an election day, on which an election was being held by lawful authority, for the purpose of electing Governor, etc.    Upon this complaint, the County Attorney filed an information against Martin Steinberger.    The cause was tried by a jury; the defendant was convicted, and punishment assessed at a fine of $100. The defendant made a motion for a new trial, also a motion in arrest of judgment; both of said motions were overruled.

The motion in arrest of judgment is as follows:    (1)    Because there is a fatal variance between the affidavit for information and the information in this case, to-wit: The affidavit for information charges that Martin Steinberger, Jr., did then and there, etc., and the information charges that Martin Steinberger, late of the County of Archer, etc.    (2) Because there is a fatal variance between the affidavit for information, and the information herein, to-wit: The affidavit for information charges that an election was being held by lawful authority, for the purpose of electing "a Governor and other State officers, judges, congressmen and county officers," and the said information charges that an election was being held by lawful authority, for the purpose of electing "a Governor and other State officers, judges, congressmen, members of the legislature, county and precinct officers."

At the trial the defendant proposed to prove by the witness, Jacob Martini, that he (Martini) and other persons, some of whom were officers of the election, went to the defendant, after the polls had closed, and requested him to open his saloon so they could get some beer, and that they told him it would not be a violation of the law to open and keep open a saloon after the polls had been closed, and that defendant, at their request, after they had told him it would be no violation of the law for him to open after the polls were closed, did open his saloon, and not before.    On objection by the State, this testimony was excluded by the court.

*Marberry & Taylor*, for appellant.—The court erred in excluding the evidence of Jacob Martini, to the effect, that he and others told defendant it would be no violation of law to open his barroom after the polls were closed.

1.    Because the State had charged that the defendant wilfully opened and kept open his saloon.    (2).    Because it went to show the intent of the defendant to violate the law.

The proof and the allegation must, in all cases, correspond, and where

a defendant is charged with wilfully violating the law, the proof must show that the violation was wilful, and any proof to show that it was not a wilful violation is admissible, also proof to show the intention of the party is admissible.

The court erred in permitting the State to prove by the witness, E. Huff, that the man that opened the saloon on election day was Martin Steinberger, Jr., when the defendant was charged as being Martin Steinberger in the information. Because there was a fatal variance between the proof and allegation. Proof that Martin Steinberger, Jr., did, etc., would not support the allegation that Martin Steinberger did, etc.

The allegation and the proof must correspond.

In this case the information charges Martin Steinberger with the offense, and the State, over objection of the defendant, proved by the witness, Huff, that Martin Steinberger, Jr., was the party who violated the law. R. Perry v. State, 4 Tex. Crim. App., 566; L. N. Cassady v. State, 4 Tex. Crim. App., 96; Brisco v. State, 4 Tex. Crim. App., 219; Johnson v. State, 4 Tex. Crim. App., 594; Davis v. State, 2 Tex. Crim. App., 184; Daniels v. State, 2 Tex. Crim. App., 353; Thornberry v. State, 3 Tex. Crim. App., 36; Turner v. State, 3 Tex. Crim. App., 551; Deon v. State, 3 Tex. Crim. App., 435; McGee v. State, 4 Tex. Crim. App., 625, and various other authorities on the point of variance. The court erred in overruling defendant's motion in arrest of judgment.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Conviction for opening and keeping open a barroom and saloon on a day on which an election was held in the voting precinct of the appellant. The complaint alleges that the election was held by lawful authority, for the purpose of "electing a Governor and other State officers, judges, congressmen and county officers." The information alleges the election was held lawfully, and for the purpose of "electing a Governor and other State officers, judges, congressmen, members of the legislature, county and precinct officers." A motion in arrest of judgment was made because of a variance between the complaint and the information. There is no variance. The election as charged in the complaint was for the same precise purpose as that charged in the information. The fact that all of the officers were not named in the complaint, and are named in the information, creates no variance. They both set out a general election; and all of the courts of Texas take judicial knowledge that such an election is for the purpose of electing the officers named in the complaint and in the information. Appellant proposed to prove that parties told him that they wanted beer, and that it was no offense to open the saloon after the polls had closed. This was excluded. All persons are required to know the law. There was no error in excluding this evidence. The complaint charged that "Martin Steinberger, Jr.," committed the offense. There were two Martin

Steinbergers—one the father, and the appellant, the son. The information does not state whether it is "junior" or "senior," but simply alleges it was "Martin Steinberger" who committed the offense. It was not necessary for the information to state that it was "Martin Steinberger, Jr." Upon the trial the prosecution proved, however, that it was "Martin Steinberger, Jr.," who opened the saloon. There is no variance in this matter, and no error pertaining thereto. The verdict of the jury is complained of, because it did not say of what the defendant was guilty, and did not assess any punishment. The punishment assessed was $100. The jury found the defendant "guilty." This evidently means "guilty of the offense charged." There being no error in this record, the judgment is affirmed.

*Affirmed.*