RUBE LOUIS v. THE STATE.

*No. 957.   Decided April 27th, 1896.*

**Carrying Weapons—"Brass Knuckles"—Judicial Knowledge—Charge.**

Where the information charged defendant with carrying "brass knuckles." Held:
The allegation does not limit the proof to knuckles made of "brass," and this court
judicially knows that brass knuckles may be composed of metal other than brass—
such knuckles may be made of any metal or hard substance, and it was not error to
so instruct the jury.

APPEAL from the County Court of Falls.   Tried below before Hon.
WILLIAM SHELTON, County Judge.

This appeal is from a conviction for carrying "brass knuckles," the
punishment being assessed at a fine of $25.

The opinion sufficiently states the case.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of carrying-
brass knuckles.  The information alleges that the appellant carried
"brass knuckles."  The proof left it in doubt as to whether the knuckles
were made of brass or some other metal.  The proof supporting the
information shows, however, that it was made of a metal.  This court
judicially knows that "brass knuckles" may be composed of metal other

than brass, as steel, iron, etc.; and, when the information charges "brass knuckles," it is equivalent to an allegation that they were made of metal or a hard substance. It is not an allegation charging that the knuckles were made of the metal known as "brass." This proposition is settled in Harris v. State, 22 Tex. Crim. App., 677. The court instructed the jury that "brass knuckles" meant knuckles made of any metal or hard substance. We so held in the case above cited. There is no variance or failure of proof in this case. It was not necessary to prove that the knuckles were made of the metal known as "brass," and there was no error in the charge of the court. The statute does not read that, if any person shall carry, on or about his person, "brass knuckles," or "knuckles made of metal or some other hard substance," thus drawing a distinction between brass knuckles and knuckles made of some other metal. If this had been the reading of the statute, the State would have been required to prove that the knuckles were composed of brass. The judgment is affirmed.

*Affirmed.*