## ORANGE MORRISON v. THE STATE.

### No. 1721. Decided December 1, 1897.

**Brass Knuckles—Former Acquittal.**

It is not required that "brass knuckles," as used in our statutes, should be made of a metal known as "brass;" if shown to be made of any hard substance other than brass, it is sufficient. It follows that a plea of former acquittal upon a charge of carrying "brass knuckles" is a good bar to a subsequent prosecution for carrying "knuckles made out of metal, same being hard substance," the facts alleged showing that defendant could have been convicted on the first prosecution for carrying the knuckles shown to have been carried on the second trial.

APPEAL from the County Court of Anderson. Tried below before Hon. JOHN F. WATTS, County Judge.

Appeal from a conviction for carrying on or about his person knuckles made out of metal; penalty, a fine of $25.

No statement necessary.

[No briefs for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON JUDGE.—Appellant was placed on trial in the County Court of Anderson County on a charge of carrying, on and about his person, brass knuckles. The jury acquitted him of this charge, and the judgment of acquittal was regularly entered. Afterwards, in the same court, he was placed on trial for carrying, on and about his person, "knuckles made out of metal, same being hard substance." At the proper time appellant interposed in bar to this prosecution the acquittal upon the first information, which charged that he carried on and about his person, brass knuckles. The question presented is whether or not, under the first information, appellant could have been legally convicted (the proof being sufficient) of carrying knuckles made of a hard substance other than brass. To put the question in a different form, suppose appellant on the first trial had insisted that the proof must show that the knuckles were made of brass; would this contention have been sound? If it would, then the acquittal under the first charge would have been no bar to a prosecution under the second. But we have held, and still hold, that "brass knuckles" do not mean that the knuckles must be made of a metal known as "brass." See Louis v. State, 36 Texas Crim. Rep.,

52; Harris v. State, 22 Texas Crim. App., 677. This being true, appellant could have been convicted on the first trial for carrying the knuckles shown to have been carried on the second trial. Therefore his plea of former acquittal was good. No doubt he was acquitted upon the first trial upon the supposed failure of the proof to establish the fact that the knuckles were made of brass. In this there was error. The proof clearly sustains the plea of former acquittal, and the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and ordered dismissed.*