## WILLIE LOPEZ v. THE STATE.

### No. 3145.　Decided June 3, 1914.

**Burglary—Consent—Evidence—Charge of Court.**

Where, upon trial of burglary, the issue of consent was sharply raised, testimony offered by the defendant that on the next day after the alleged offense he wrote a post card to prosecutrix in which he explained the matter should have been admitted, in the light of the testimony admitted for the State, and the court should have submitted a proper charge thereon.

Appeal from the District Court of Bexar.　Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Fellbaum & Carter,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

A number of questions are presented by the record, but only one of them, in our opinion, presents reversible error.　Mrs. Jackson testified that appellant entered her house in the daytime and without her knowledge and consent went into a trunk and stole $80 in money.　Appellant admitted going into the house and taking the money out of the trunk, but he says he did so with the consent of Mrs. Jackson, the only contested issue as made by the testimony being whether or not appellant had the consent of Mrs. Jackson to go in the house and get the money.　The testimony shows that appellant was a frequent visitor in this house, and he says that Mrs. Jackson told him her husband was coming from his ranch to San Antonio on a visit to her, and she wanted him, appellant, to leave San Antonio while her husband was in that city.　That she did not want her daughter to know that she let appellant have the money;

that she would go over to her cousin's about four o'clock, and for him to go to the house there and get the money, saying, "You can go ahead and take the money, because I can not give it to you in front of Babe (her daughter)." He says he wrote a postal card to Mrs. Jackson telling her about the matter. Mrs. Jackson admitted that she got a postal card from him, but when asked about the contents of the card the State's objection to such testimony was sustained, although it was shown that the card had been lost. Appellant in his bill states that if Mrs. Jackson had been permitted to testify to the contents of the postal card he could have shown by her that "On the next day after this alleged offense was committed he wrote Mrs. Jackson stating he had gone and where he had gone, when he would return, and that he had gotten the money." This evidence was admissible on the issue of whether Mrs. Jackson gave her consent for appellant to enter the house and take the money, and the court erred in excluding it. And on another trial this defensive matter should be clearly and affirmatively submitted in the charge of the court. If Mrs. Jackson gave appellant permission to go in the house and get the money, he would be guilty of no offense in so doing.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*