### R. A. BROWN v. THE STATE.

No. 3290. Decided October 28, 1914.

Rehearing denied November 18, 1914.

**1.—Falsely Assuming to Be Deputy Sheriff—Statement of Facts—Bill of Exceptions.**

Where the statements of facts and bills of exceptions were not filed within the time allowed by law in misdemeanor cases, the same will be stricken out

of the record on motion of the State. Following Durham v. State, 69 Texas Crim. Rep., 71.

**2.—Same—Argument of Counsel.**

Where the court instructed the jury not to consider the remarks of State's counsel, and they were not of that character to call for a reversal of the case, there was no error.

**3.—Same—Venue—Presumption.**

In the absence of a statement of facts, it must be presumed on appeal that the venue was proved; besides, if the record were consulted, the venue was in fact proved.

**4.—Same—Charge of Court—Words and Phrases.**

Where, upon trial of falsely assuming and pretending to be a deputy sheriff, etc., the court in his charge did not use the words, "impersonation of an officer," but employed words substantially submitting the offense, and which could not have misled the jury, there was no reversible error.

**5.—Same—Charge of Court—Weight of Evidence.**

Where the charge of the court was not upon the weight of the evidence, a complaint on this ground is without merit.

**6.—Same—Charge of Court—Wilfully.**

Article 424, Penal Code, defining the offense of falsely assuming, etc., to be an officer, does not use the word, "wilful," and it was not required that the court's charge should use this word in submitting the offense to the jury, which was in all other respects sufficient.

**7.—Same—Information—Motion in Arrest of Judgment.**

Upon trial of falsely assuming and pretending to be a deputy sheriff, etc., it was not necessary in the information under article 424, Penal Code, to allege that the act was committed wilfully, and there was no error in overruling a motion in arrest of judgment. Following State v. Elliott, 41 Texas, 224.

**8.—Same—Sufficiency of the Evidence.**

If the statement of facts had been in condition to be considered, the evidence amply supports the verdict convicting defendant of falsely assuming and pretending to be an officer, etc.

Appeal from the County Court of Fisher. Tried below before the Hon. L. C. Miller.

Appeal from a conviction of falsely assuming, etc., to be an officer; penalty, six months confinement in the county jail.

The opinion states the case.

*L. B. Allen* and *L. H. McCrea,* for appellant.—On question of insufficiency of information: Davis v. State, 2 Texas Crim. App., 184; Daniels v. State, 2 id., 353; Johnson v. State, 4 id., 594; Smith v, State, 57 Texas Crim. Rep., 609; Petterson v. State, 58 S. W. Rep., 100.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of falsely assuming and pretending to be a deputy sheriff, and did try to arrest and demand that

Mrs. Eoline Myler submit to arrest, etc., and his punishment assessed at six months confinement in the county jail.

The term of court at which appellant was tried adjourned July 25th. The statement of facts was not filed within the time allowed by law in misdemeanor cases, and the motion of the Assistant Attorney General to strike it from the record must be sustained. Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222. The bills of exception are in the same condition, except the one complaining of the remarks of counsel for the State in his closing argument. As the court instructed the jury not to consider such remarks, they were not of that character to call for a reversal of the case. As before stated, the other two bills were not filed in time to authorize the court to consider them, but if we did do so, they would present no error. In one it is urged that the court should have instructed a verdict for defendant on the ground that the State had not proved the offense to have been committed in Fisher County, if committed as alleged. The statement of facts having been filed too late to be considered, we must presume that venue was proven. But even though the statement of facts was not filed in proper time, we have read it, and Mrs. Myler testified that "she and her brother were camped near the house of Mr. McNiel in Sylvester on the night of November 20th, when the attempt to arrest her was made and the indignities heaped upon her by appellant; that Sylvester was in Fisher County." This clearly proved the venue of the offense, and no question is raised in the testimony that the place the offense is alleged to have taken place at was at any other or different place.

The next bill complains that the court did not define the meaning of the words "impersonation of an officer." The court did not use those terms in his charge. The court, in submitting the issue, instructed the jury:

"Now if you believe from the evidence beyond a reasonable doubt that the defendant in Fisher County, Texas, did on or about the 20th day of November, A. D. 1913, and within two years next before the filing of the information herein, did unlawfully and falsely assume and pretend to be a deputy sheriff of Fisher County and did then and there take upon himself to act as such officer and as such officer did try to arrest, and did demand the arrest of Mrs. Eoline Myler, and while pretending to be such deputy sheriff did demand that Mrs. Eoline Myler submit to arrest by him the said R. A. Brown, while falsely pretending to be such deputy sheriff and that in truth and in fact the said R. A. Brown at the time alleged was not a deputy sheriff, and that he was not authorized to do and perform and do said acts and things and that the said R. A. Brown knew that he was not such deputy sheriff as he pretended to be, you will find the defendant guilty and assess his punishment at any term in the county jail not exceeding six months, or you may, in your discretion, assess his punishment by a fine in any sum not exceeding five hundred dollars."

No words were used that any person of common understanding could or would be misled as to their plain meaning.

The appellant, in his only remaining bill, complains that the above copied paragraph of the charge is upon the weight to be given the testimony. A cursory reading of it, we think, shows this complaint to be without merit.

He also complains that in this paragraph of the charge the court omits the word "wilfully," and does not require the jury to find that the acts were wilfully done. While the word "wilful" is not used, yet the facts required to be found beyond a reasonable doubt before the jury would be authorized to convict, necessitate a finding that the act was done wilfully, and as that term is not used in the statute defining the offense (art. 424, Penal Code), it was not necessary for the court to do so in his charge, nor define the meaning of the word. While criminal intent and guilty knowledge are constituent elements of this offense, yet the charge as submitted by the court required a finding as to these matters before authorizing a conviction.

These are all the bills in the record. However, in the record we find a motion in arrest of judgment, calling the attention of the court to a variance in the complaint and the information. In the complaint it is alleged that appellant did "unlawfully, wilfully and falsely assume and pretend," etc., while in the information it is only alleged that appellant did "unlawfully and falsely assume and pretend," etc.; that the omission of the word "wilfully" in the information, it being in the complaint, creates a fatal variance, for which the judgment should be arrested. As before stated, article 424 of the Penal Code makes it an offense for "any person to falsely assume or pretend to be a deputy sheriff," therefore it was not necessary for the complaint or information to charge that the act was wilfully done, and the information charged the offense under the law. Both charge the same offense in exactly the same way, with the exception of the omission of this word in the information, and as it charged the offense alleged with the word omitted, this presented no variance for which the information should have been quashed, and the court did not err in overruling the motion in arrest of judgment. State v. Elliott, 41 Texas, 224.

If the statement of facts was in condition that we could consider it, the evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied November 18, 1914.—Reporter.]

