WASH CHISOM V. THE STATE.

No. 3618. Decided June 16, 1915.

Rehearing denied October 13, 1915.

**1.—Aggravated Assault—Description of Weapon—Variance.**

Where the complaint alleged that the assault was committed with a weapon, towit, knucks, commonly known as "brass knucks," while the information described the weapon as "knucks," there was no fatal variance. Following Mills v. State, 36 Texas Crim. Rep., 71, and other cases.

**2.—Same—Rule Stated—Variance—Allegations.**

Where there is substantial agreement between the information and the

complain, upon which it is based, a variance is immaterial. Following Meier v. State, 10 Texas Crim. App., 39, and other cases.

### 3.—Same—Rule Stated—Description of Weapon.

The name by which a thing is commonly called is in law its name, though in fact it may bear a different name. Following Roman v. State, 64 Texas Crim. Rep., 515, and other cases.

### 4.—Same—Evidence—Expert Testimony.

Upon trial of aggravated assault, alleging serious bodily injury, there was no error in permitting a doctor, who had qualified as an expert, to give his opinion as to the probable cause and nature of the injuries inflicted on the alleged injured party. Following Waite v. State, 13 Texas Crim. App., 169, and other cases.

### 5.—Same—Sufficiency of the Evidence—Weapon Used.

Where, upon trial of aggravated assault, with brass knucks, alleging serious bodily injury, the evidence showed that the prosecutor was either struck with knucks made of metal or some hard substance, or with some instrument capable of and which did produce the same injury as if he had been struck with knucks, under a proper charge of the court, the conviction was sustained. Following Douglass v. State, 26 Texas Crim. App., 109, and other cases.

### 6.—Same—Former Acquittal—Separate Offense.

The offense of unlawfully carrying brass knucks, of which defendant had been acquitted, would not bar a prosecution for an aggravated assault, for they are separate and distinct offenses.

Appeal from the County Court of Harris. Tried below before the Hon. C. C. Wren.

Appeal from a conviction of aggravated assault; penalty, lowest fine. The opinion states the case.

*Meek & Kahn,* for appellant.—If the indictment alleges the means by which the assault was committed, such allegation, whether necessary or unnecessary, being descriptive of the offense, must be substantially proved. Following Herald v. State, 37 Texas Crim. Rep., 409; Hext v. State, 48 id., 576; Harrison v. State, 48 id., 44; Simpson v. State, 48 id., 328; Holliday v. State, 35 id., 133; Kinnard v. State, 35 id., 276; Maloney v. State, 57 id., 435.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* Criminal District Attorney, and *E. T. Branch,* for the State.—Cited cases in the opinion.

HARPER, JUDGE.—Appellant was charged by information with "unlawfully making an aggravated assault and battery upon the person of Oscar P. Steckel, with a weapon then and there calculated to inflict serious bodily injury, towit: knucks, and by the use of said weapon did then and there inflict serious bodily injury to the said Oscar P. Steckel," etc.

The Assistant Attorney General and Mr. E. T. Branch having filed a brief, which in our opinion correctly disposes of each question presented, and we therefore adopt the brief as the opinion of the court:

"1. The complaint on which the information is based recites that the assault was committed with a weapon, 'towit: knucks, commonly known as brass knucks,' while the information describes the weapon as 'knucks.' Appellant contends that there is a fatal variance between the information and the complaint as to the description of the weapon with which the assault is alleged to have been committed, on account of the fact that the words 'commonly known as brass knucks' which appear in the complaint are not contained in the information. The terms 'knuckle,' 'knuckles,' 'knucks,' 'brass knuckles,' and 'brass knucks,' have the same meaning. Mills v. State, 36 Texas Crim. Rep., 71, 35 S. W. Rep., 370; Morrison v. State, 38 Texas Crim. Rep., 392, 43 S. W. Rep., 113. Where there is substantial agreement between the information and the complaint on which it is based, a variance is immaterial. Meier v. State, 10 Texas Crim. App., 39; Cole v. State, 11 Texas Crim. App., 67; Steinberger v. State, 35 Texas Crim. Rep., 492, 34 S. W. Rep., 617; Baker v. State, 35 S. W. Rep., 666; Huizar v. State, 63 S. W. Rep., 329; Moreno v. State, 64 Texas Crim. Rep., 660, 143 S. W. Rep., 157; Brown v. State, 75 Texas Crim. Rep., 322, 170 S. W. Rep., 714. This is an information for an assault and it is not sought to charge the unlawful carrying of a prohibited weapon on the person. The name by which a thing is commonly called is in law its name, though in fact it may bear a different name. Roman v. State, 64 Texas Crim. Rep., 515, 142 S. W. Rep., 912; Schenk v. State, 75 Texas Crim. Rep., 235, 174 S. W. Rep., 357. We think the variance is immaterial and could in no way have affected the rights of the appellant. The ground of aggravation relied on was that serious bodily injury was inflicted.

"2. There was no error in permitting the doctor who had qualified as an expert to give his opinion as to the probable cause and nature of the injuries inflicted on the alleged injured party. Waite v. State, 13 Texas Crim. App., 169; Banks v. State, 13 Texas Crim. App., 182; Streight v. State, 62 Texas Crim. Rep., 453; Spates v. State, 62 Texas Crim. Rep., 532, 138 S. W. Rep., 395; Lacoume v. State, 65 Texas Crim. Rep., 146, 143 S. W. Rep., 626; Williams v. State, 65 Texas Crim. Rep., 193, 144 S. W. Rep., 622; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W. Rep., 1074; Singleton v. State, 74 Texas Crim. Rep., 71, 167 S. W. Rep., 46; Brown v. State, 75 Texas Crim. Rep., 322, 174 S. W. Rep., 360. The opinion of the doctor that the injured party was struck with metal knucks or with some instrument capable of inflicting a similar injury is borne out by his description of the wounds inflicted, the number of fractures, and the direct connection between the fractures and the surface of the skin.

"3. The proof is sufficient to sustain the finding of the trial judge as shown by his qualification to bill of exceptions No. 4 accepted and filed by appellant to the effect that the testimony was amply sufficient to show circumstantially that the prosecuting witness was struck with knucks as found by the jury whom the judge had charged to acquit unless they found he was struck with knucks. The qualification to this

bill shows also that the trial judge was clearly convinced that the prosecutor was either struck with knucks made of metal or some hard substance or with some instrument capable of and which did produce the same injury as if he had been struck with knucks. In proving the means used in committing a murder or any grade of assault *only the substance of the issue need be proven.* Douglass v. State, 26 Texas Crim. App., 109, 9 S.. W. Rep., 489; Monk v. State, 27 Texas Crim. App., 450, 11 S. W. Rep., 460; Johnson v. State, 29 Texas Crim. App., 150, 15 S. W. Rep., 647; Morris v. State, 35 Texas Crim. Rep., 313, 33 S. W. Rep., 539; Brown v. State, 43 Texas Crim. Rep., 293, 65 S. W. Rep., 529; Taylor v. State, 44 Texas Crim. Rep., 547; Lopez v. State, 74 Texas Crim. Rep., 135, 166 S. W. Rep., 154."

The fact that appellant had been tried and acquitted of unlawfully carrying brass knucks on this occasion, would not bar a prosecution for an assault with knuckles. It was two separate and distinct offenses, and even though the proof on the trial for carrying the knucks might have been insufficient to sustain a verdict that he had knucks, or 'that he unlawfully carried them, yet on this trial it was wholly unnecessary to prove that he unlawfully carried the knucks; that would not be an issue in this case. Or if the State in that case failed to prove he had on or about his person knucks, this would not prevent the State on this trial adducing additional testimony and showing that he did in fact strike Steckel with knucks. We do not know what the testimony was on the trial of the case when he was charged with carrying the knucks; we only have the testimony adduced on this trial, and the facts and circumstances offered in evidence by the State will support the finding of the trial court and jury that Steckel was struck with knucks

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 13, 1915.—Reporter.]