### JAKE WRIGHT v. THE STATE.

No. 14742. Delivered January 27, 1932.

The opinion states the case.

*J. M. Parker,* of Gorman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to appellant's residence for the purpose of making a search for intoxicating liquor. Appellant was not at home when the officers reached his residence, but appeared while the search was in progress. Appellant's wife, his two daughters and a young man by the name of Coffman were in the house when the search began. The officers discovered six full pints of whisky and one half pint in a small closet or pantry near the kitchen. The bottles of whisky were on a shelf, with the exception of one bottle, which was on the floor of the pantry. There were some empty half gallon fruit jars on the shelf and also some empty pint bottles. A further search of the premises failed to disclose any more whisky. The officers testified that appellant stated to them that he would sell them some whisky if they wanted it. However, they said that after they had responded that they would buy a pint, appellant laughed and walked off and made no offer to deliver the whisky. On cross-examination by appellant, the officers testified that appellant told them at the time the search was made that the whisky did not belong to him. Appellant's wife and daughters testified that they did not know the whisky was in the house. Coffman, who was present when the search was made, testified for appellant that he had bought the whisky in question from a bootlegger from Glenrose and had carried it to appellant's house during the absence of appellant and his family. He said he had intended taking the whisky to his mother and grandfather, but did not want to carry it through town at the time he made the purchase, and took it to appellant's house with the intention of borrowing appellant's car for the purpose of later delivering it to his grandfather's home. He declared that he did not tell appellant that he had placed the whisky in his house, and that appellant had no knowledge that he had placed it there. He testified that he did not tell appellant or his counsel about the matter until shortly before the trial. It appears from the testimony of this witness that he was paying attention to one of appellant's daughters and frequently came to appellant's home for the purpose of calling on her. Testifying in his own behalf, appellant denied that the whisky belonged to him. He said that he did not know it was in the house at the time the officers made the search. He testified further that, "in a joking way", he asked one of the officers at the time if

he wanted to buy some corn. He denied that he asked the officer if he wanted to buy some whisky. For the purpose of impeaching appellant, the state elicited from him on cross-examination that he had theretofore been indicted for the offense of rape.

The court instructed the jury to acquit appellant if they entertained a reasonable doubt as to whether the whisky found by the officers belonged to the witness Coffman. Further, he gave a charge on the law of circumstantial evidence. The term "possess" was defined. The statute relating to the presumption arising from the possession of more than a quart of intoxicating liquor was charged on and the term "prima facie" was defined. The jury were advised in the charge that they could not convict appellant unless they believed beyond a reasonable doubt that he possessed the whisky for the purpose of sale. There were no exceptions to the charge of the court. It appears to have fairly presented the case to the jury. We deem untenable the contention that the evidence is insufficient. The jury were not bound to believe the testimony of appellant and his witnesses. The state's testimony, if believed, warranted the conclusion that appellant was guilty of possessing the whisky for the purpose of sale.

The verdict of the jury originally returned into court read as follows: "We find the defendant guilty and assess his penalty at one year in the penitentiary. F. J. Nicholson, Foreman." The court inserted the words "the jury" after the word "we" and added the words "as charged in the indictment" after the word "guilty", in order that the verdict might read: "We, the jury, find the defendant guilty as charged in the indictment and assess the penalty at one year in the penitentiary." The jury were then asked if the verdict, as corrected by the court, was their verdict, and they answered in the affirmative. Appellant contends that the corrected verdict is illegal. Under the terms of article 696, C. C. P., an informal verdict may be corrected, it being provided in said article that the jury's attention shall be called to the matter, and that with their consent the verdict may, under the direction of the court, be reduced to proper form. It appears that the court complied with this article in correcting the verdict.

The state elicited from appellant, on cross-examination, that he had been indicted for the offense of rape. Appellant objected on the ground that the testimony was irrelevant and immaterial. This objection was properly overruled. In his Annotated Penal Code, sec. 167, Mr. Branch states the rule as follows: "Defendant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party by proving by the witness on cross-examination that he had been indicted or convicted or that he is then under indictment for a felony or for a misdemeanor imputing moral turpitude."

Bill of exception No. 4 presents the following occurrence: The wit-

ness Coffman was asked on cross-examination by the state if he had ever drunk intoxicating liquor in appellant's home. The witness was further asked if he knew what appellant's occupation was. Again, he was asked how many days appellant had worked since Thanksgiving. Appellant was asked on cross-examination how long it had been since he worked. All of these questions are presented in the single bill of exception. It is recited in the bill that appellant's objections to the questions were overruled. It is not shown that the questions were answered. The opinion is expressed that the bill fails to manifest reversible error. Moreover, the bill might be subject to the objection that it is multifarious.

Failing to find deversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.