### JUNE WOOLFOLK V. THE STATE.

No. 16816. Delivered June 6, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1001.

The opinion states the case.

*George Powell,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Alma Dell Cabble by striking her with a piece of metal pipe.

In an effort to secure work, deceased had inserted an advertisement in the San Antonio Light. On the 2nd of July, 1933, someone called deceased over the telephone at her home in the City of San Antonio. Within thirty minutes after receiving the call deceased left home and was not thereafter seen alive. On the 5th of July, 1933, the body of deceased was found in an apartment house at 221 West Magnolia in the City of San Antonio. An examination of the body disclosed that the skull had been fractured by a blow with some blunt instrument. Appellant was the yard man at the apartment in which the body of deceased was found. Upon being arrested, appellant made a confession in which he stated that he called deceased at her home over the telephone and asked her if she was the party who ran an advertisement in the paper; that he told her to come to apartment "K" at 221 West Magnolia; that prior to the time deceased reached the apartment he went to the tool house in the rear of the building and secured an iron pipe; that after deceased entered the apartment he struck her

on the head with the iron pipe; that she fell to the floor; that he poured some gasoline on the rug in one of the rooms with the intention of burning the house, but changed his mind and left the place; that he put the iron pipe back in the tool room where he had gotten it; that while in the apartment he picked up a pitcher containing water and poured the water on deceased's head. The iron pipe was found by the officers pursuant to appellant's confession. We deem it unnecessary to set out the testimony corroborating appellant's confession other than to say there was proof that he was near the apartment on the occasion in question, and that finger prints on articles found in the room where the body of deceased lay were shown to be identical with appellant's finger prints.

Bill of exception No. 2 relates to appellant's objection to the testimony of an officer to the effect that appellant told him after he had been arrested that he killed deceased. In the bill it is shown that in the statement made to the officer appellant told him where he could find the metal pipe with which he killed deceased; and, further, it is shown in the bill that the weapon was found pursuant to appellant's statement as to its whereabouts. We think the bill without merit. We quote Branch's Annotated Penal Code, sec. 63, as follows:

"Whether defendant be in custody or not, or be warned or not, his oral or written confession is admissible if in connection therewith he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed."

In support of the text numerous authorities are cited, among them being Johnson v. State, 71 S. W., 25.

Appellant objected to the charge of the court because of its failure to submit to the jury the three counts embraced in the indictment. The first count charged that the weapon used by appellant was a piece of metal pipe; the second count that the weapon was a glass bottle; and the third count that the homicide was inflicted by some means, instrument and weapons to the grand jurors unknown. We think the court was warranted in submitting the first count alone. It is true that the proof showed that deceased had been struck with a bottle as well as with a piece of metal pipe. However, the proof on the part of the State was to the effect that the blow with the metal pipe brought about the death of deceased. The State had the right to elect the count upon which the case would be submitted to the jury. If a count had been submitted which was

not supported by the proof then appellant would be in position to complain, but in the present case the first count is supported by proof of the fact that the fatal wound was inflicted with a piece of metal pipe.

There was an issue as to whether appellant's confession was voluntarily made. This issue was adequately submitted to the jury. We are unable to agree with appellant that the court was in error in admitting the confession in evidence. The officers taking the confession testified to facts and circumstances showing that there was no coercion used at the time appellant made the statement. On the contrary, appellant's testimony tended to show that he had been abused and threatened.

The verdict of the jury originally returned into court read as follows: "We, the jury, find the defendant guilty and assess his punishment at death." This verdict was properly signed by the foreman. In the presence of the jury, the court inserted after the word "guilty" the words "as charged in the first count of the indictment." The jury were then asked if the verdict, as corrected by the court, was their verdict. Each of the jurors answered in the affirmative, and thereafter, upon being polled, answered that it was their verdict. Appellant contends that the verdict is illegal. Under the terms of article 696, C. C. P., an informal verdict may be corrected, it being provided in said article that the jury's attention shall be called to the matter, and with their consent the verdict may, under the direction of the court, be reduced to proper form. It appears that the court complied with this article in correcting the verdict. See Wright v. State, 45 S. W. (2d) 981.

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We commend the action of the trial court in so amending the verdict,—with the consent of and in the presence of the jury,—as to relieve same of ambiguity. If all trial courts would carefully scrutinize verdicts of juries before accepting same and discharging the jury, in order to see if such verdict be responsive and in proper form, it would be

likely to obviate necessity for reversal of cases. We think appellant wholly without ground of complaint at such procedure.

We also commend the trial court. for that he selected that one of the three counts in the indictment herein which must have seemed to him to be most strongly supported by the testimony, upon which count alone the case was submitted to the jury. We fail to see what possible ground of complaint appellant has at such action. If appellant thought the testimony supported the theory that deceased came to her death in one of the ways charged in the other two counts, he did not make known to the trial court his desire that the charge instruct the jury to acquit appellant under the count submitted, if death was inflicted as charged in either of the other two counts.

The State having laid a good predicate for so doing, the Court properly admitted in evidence appellant's written confession. When the defense by testimony raised the issue as to the voluntary character of the confession, the court, below properly submitted the issue to the jury, instructing them to disregard the confession if they found it was not voluntary, or if they had a reasonable doubt thereof. We do not believe any of appellant's contentions are sustained.

The motion for rehearing will be overruled.

*Overruled.*