# DECEMBER 11, 1940

EARL (CAX) BRITTON V. THE STATE.

No. 21316. Delivered December 11, 1940.

The opinion states the case.

*J. W. Simpson, Jr.,* and *Geo. B. Darden,* both of Conroe, for appellant.

*W. C. McClain,* District Attorney, *Ned G. Wallace,* Assistant District Attorney, both of Conroe, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction of burglary.

The testimony adduced by the State, briefly stated, shows that on or about the 21st day of February, 1940, the home of Mrs. U. E. Allen was entered and a .22-caliber rifle taken therefrom. We quote from her testimony as follows: "I have no idea who went in my house. I did not give any one permission to take the gun, and it was taken from my possession without my knowledge and without my consent. The gun was taken from my house in Montgomery County, * * * without my knowledge and without my consent. * * * During the time I have lived where I now live, Cax Britton has had occasion to be in my house quite often, and he has done all of my plumbing work ever since I have been in Conroe. He has also come in and rented my apartments several times when I wasn't at home. Up to the present time, and from the date when I first moved where I now live Cax Britton has had my consent to enter that house at any and all times, and has always gone and come at any time he likes."

The testimony further shows that appellant was a near neighbor, living just across the street from the burglarized house; that he frequently came there and got hammers, wrenches, and things that he wanted without objection on her part.

The offense charged is burglary. It devolved upon the State to prove beyond a reasonable doubt that the defendant entered the home of Mrs. Allen without her consent, because want of consent is an element of the offense of burglary. It is obvious from the testimony above quoted that the State has failed to meet the requirements of the law since the appellant, according to the testimony of Mrs. Allen, (the owner of the burglarized house) had her consent to enter the same at any and all times. Under such state of facts we do not feel that any person should be deprived of his liberty, his citizenship and stigmatized as a felon. The legal rights of an accused must be respected and sustained as well as those of the State. See Wisdom v. State, 42 Texas Cr. R. 579, (580). In the case of Lopez v. State, 167 S. W. 844, (74 Texas Cr. R. 135), the only contested issue was whether or not the accused had the consent of Mrs. Jackson to go into her house and get the money alleged to have been stolen. In its opinion, the court, among other things, said: "If Mrs. Jackson gave appellant permission to go in the house and get the money, he would be guilty of no offense in so doing."

See also Turner v. State, 5 S. W. 551, 24 Texas Cr. R. 12; Miller v. State, 125 S. W. (2d) 596, 136 Texas Cr. R. 345.

Having reached the conclusion that the evidence is insufficient to support the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.