## J. A. HAYNES V. THE STATE.

No. 23605. Delivered March 5, 1947.
Rehearing Denied April 16, 1947.

*Holmes & Nicholson* by *John T. Nicholson,* all of Comanche, for appellant

*Robert H. Long,* County Attorney, of Comanche, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of driving while intoxicated, and by the jury assessed a fine of $50.00, and he appeals.

The facts show that appellant, while driving his pick-up truck on a public highway, was passed by a heavily loaded truck; and claiming that such truck sideswiped him, he followed it, finally overtook the truck in the town of De Leon, got out of the pick-up truck and evidently had some words with the truck driver. While thus engaged, two highway patrolmen, who had been passed on the road by appellant, came up. After an investigation, they arrested appellant, took him to the city hall in De Leon, and thence to the county jail at Comanche, where he was charged with drunken driving. Both officers testified as to appellant's manner, appearance and actions, as well as to the odor on his breath, and stated their belief that he was intoxicated.

Appellant's car contained a partially empty bottle of whisky, which appellant and a witness claimed did not belong to him but to another who had been using the pick-up truck the previous day. Appellant and his witnesses denied the fact that he was intoxicated. However, appellant testified that on account of a certain stomach trouble, he was in the habit of taking certain pills for the relief thereof, and at some time prior to his arrest, he had taken two of these pills, and having no other liquid with which to wash them down his throat, he utilized some three or four tablespoons of whisky in his bottle for such purpose; that he had no other intoxicants of any kind that day and was not intoxicated to any degree.

Appellant complains relative to the verdict of the jury which reads as follows: "We, the jury, find the defendant, J. A. Haynes, guilty and assess fine at $50.00, signed E. Y. Burdette", and says that such verdict is insufficient. We are given no reason therefor, but suppose it is because such verdict fails to include "as charged in the information". We do not think such a phrase was necessary. We are cited to the case of Woolfolk v. State, 74 S. W. (2d) 1001, in which the jury's verdict was corrected in their presence and with their consent because of there being two counts in the indictment, and the verdict was made to state on which count their verdict was predicated. There is but one count found in the information herein. The criticism of the verdict is not warranted. See Beabout v. State, 40 S. W. 405, 37 Tex. Cr. R. 515. "A verdict of guilty means guilty of the offense charged." Steinberger v. State, 34 S. W. 617, 35 Tex.

Cr. R. 492; Harris v. State, 34 S. W. 922; Roberts v. State, 168 S. W. 100, 74 Tex. Cr. R. 150.

Appellant now contends that it was not shown by the facts that this offense took place in Comanche County, Texas. This point was not presented until in the motion for a new trial. The same was not made an issue in the trial court and same is not here presented by a proper bill of exceptions. See Art. 847, C.C.P. In the case of Garcia v. State, 70 S. W. (2d) 996, this court said:

"Appellant contends the venue was not proven. We find in the record no bill of exception presenting the question. Under the terms of the statute we must presume that venue was proven unless an issue was made thereon in the trial court and brought before this court by a bill of exception. Article 847, C. C. P.; Green v. State, 116 Tex. Cr. R. 2, 32 S. W. (2d) 650."

See also Belcher v. State, 71 Tex. Cr. R. 646, 161 S. W. 459; Brown v. State, 71 Tex. Cr. R. 353, 162 S. W. 339; Brady v. State, 108 Tex. Cr. R. 606, 22 S. W. (2d) 261.

Appellant also contends that there are two separate and distinct statutes denouncing the same offense—one a misdemeanor and the other a felony. He refers to Articles 802 and 802b, Vernon's Ann. Tex. P. C. Article 802, supra, prior to its amendment by the 45th and 47th Legislatures, denounced drunken driving as a felony, but the statute now carried as Art. 802, P. C., punishes one who is charged with but one offense as a misdemeanor. Under Art. 802b, now found in the pocket supplement of Vol. 2, Vernon's Ann. Tex. P. C., a subsequent or second offense of such drunken driving is classed as a felony and punished as such. We think that these two statutes denounce separate and distinct acts; and where no previous act and conviction is alleged and proven, the matter would be triable in the County Court as a misdemeanor. In the present instance, the information contained but a single act, thus denouncing appellant as a first offender and triable under Art. 802, supra.

Again, appellant complains because in his charge to the jury the trial court defined the word "intoxication". Appellant contends that such word was a non-technical term of an ordinary and accepted meaning, and to define the same placed an undue emphasis and importance thereon before the jury. There is no objection offered to the court's charge relative to intoxication, but only to the fact that same was charged upon at all. The charge given was a correct one. See Cox v. State, 141 Tex. Cr.

R. 561, 150 S. W. (2d) 85; Lockhart v. State, 108 Tex. Cr. R. 597, 1 S. W. (2d) 894. As was said by Judge Lattimore in the case of Lockhart v. State, supra, in discussing such a charge:

"In our opinion it is not necessary to give any definition of the terms used in the statute, but one having been attempted, we think it not erroneous."

See Williams v. State, 100 Tex. Cr. R. 50, 271 S. W. 628; Moynahan v. State, 140 Tex. Cr. R. 540, 146 S. W. (2d) 376; Randolph v. State, 145 Tex. Cr. R. 526, 169 S. W. (2d) 178.

While the facts herein presented by the State were vigorously contested upon appellant's part, as well as his witnesses, it is evident that the jury saw fit to believe the witnesses for the State; and since there is such testimony supporting the verdict of the jury, it is not the province of this court to set the verdict aside.

Believing that there is no error shown herein, the judgment will accordingly be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant, in his motion for rehearing, challenges the correctness of our original conclusion in only one particular—that is, that the facts are insufficient to show that he was drunk or under the influence of intoxicating liquor at the time.

The facts have been again reviewed in the light of this contention and we remain convinced that they are sufficient.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.