SYLVESTER SHAFFER v. THE STATE.

No. 20490. Delivered October 18, 1939.

The opinion states the case.

*C. C. McKinney,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

The indictment charged an ordinary burglary under Art. 1390 P. C. The facts clearly show that the premises burgalrized were the private residence of the injured person and that the entry was made at night. Under such state of facts, the offense is night time burglary of a private residence under Art. 1391, P. C. and is not an offense under Art. 1390 P. C. Burglary of of a private residence at night time is a separate and distinct offense from burglary committed in the daytime by breaking and entering a private residence. The punishment prescribed for burglary of a private residence at night time is by confinement in the penitentiary for a term of years not less than five. See Branch's Ann. P. C. Sec. 2354; Rodgers v. State, 59 Tex. Crim. Rep., 146; Alinis v. State, 63 Tex. Crim. Rep., 272; 139 S. W. 986; Martinus v. State, 47 Tex. Crim. Rep., 528; 84 S. W. 831; Mays v. State, 50 Tex. Crim. Rep., 391; Crawford v. State, 78 S. W. (2d), 623.

The testimony relative to the consent of Bowers for appellant to enter the house is rather equivocal and unsatisfactory. If appellant had the consent of Bowers to enter the house, he would only be guilty of ordinary theft. However, upon another trial, the testimony may be more clearly developed.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.