RANDOLPH JONES V. STATE.

No. 25177. February 28, 1951.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an appeal from a conviction for the daytime burglary of a private residence with intent to commit the crime of theft, the punishment assessed being two years in the penitentiary.

The injured party is the uncle of the appellant. The building alleged to have been burglarized was his home, situated across the street from his place of business. The entry was made about

nine o'clock, a. m. A small box containing approximately $50 was taken.

Upon direct examination, the injured party testified that appellant did not have "permission to go in my home and get my money." Upon cross-examination, however, and when the witness was interrogated directly as to whether the appellant had his consent to enter the house, he testified, "He had the right to go in my house when he wanted to."

It is apparent, therefore, that the appellant had the consent of the injured party to enter the alleged burglarized house, thereby precluding the crime of burglary to commit theft, as here charged. Bird v. State, 49 Tex. Cr. R. 96, 90 S. W. 651; Miller v. State. 136 Tex. Cr. R. 345, 125 S. W. 2d 596; Shaffer v. State, 137 Tex. Cr. R. 476, 132 S. W. 2d 263.

Under the facts here presented, appellant may be guilty of theft but he is not shown to be guilty of burglary, as charged.

The facts being insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the court.