## LUPE TREVINO V. STATE.

No. 26,065. December 3, 1952.
Rehearing Denied February 11, 1953.

*Murray and McDowell,* by *Clark Murray,* Floresville, for appellant.

*John F. May,* District Attorney, Karnes City, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The offense is burglary. The punishment is assessed at confinement in the state penitentiary for a term of two years.

This is a companion case to No. 26,068, Trevino v. State, (Page 255, this volume) this day decided. The present cause relates to the burglary of a church at Poth, Texas, in Wilson County. The testimony in the two cases is largely the same. However, in the instant case, appellant stated in his written confession that he entered the church at Poth for the purpose of taking money out of a vigilite box which was located in said church, but when he reached this box he found that it had been previously burglarized by someone else. According to his confession, appellant entered the church for the purpose of theft, and not finding any funds in the vigilite box in the church at

Poth, Texas, he immediately burglarized the church at Falls City, Texas, as shown in Cause No. 26,068, Trevino v. State.

It is worthy of note that the testimony of the priest in in charge of the church at Poth evidences the fact that there were funds in the amount of about $3.10 in the vigilite box some short time prior to the time that appellant entered the church.

Under the reasoning set forth in the companion case, No. 26,068, we hold that this church at Poth was a subject of burglary, and that the appellant's guilt being evident and no error appearing, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

In an able motion and argument, appellant has urged this court to reverse his conviction in this cause or overrule our opinion in Jones v. State, 155 Tex. Cr. R. 481, 236 S. W. 2d 805, because he says that he, just as Jones, had consent to enter the building for a lawful purpose but did not have consent to enter to steal.

Nothing in the opinion in the Jones case indicates that the state had independent evidence, irrespective of the fact of the breaking, entry, and the subsequent theft, to prove that the accused had the preconceived intent to steal at the time he entered the home of the injured party.

In the case at bar, however, the state introduced the confession of the accused, which read, in part, as follows:

". . . I drove my car up in front of this church and stopped the car, and myself and Jose Rocha both got out of the car, and we decided that we would see if we could find some money in this Catholic Church at Poth, and we went up to the front door of this church. . . ."

We see no valid distinction, insofar as the law of burglary is concerned, between a church, into which the public has consent to enter for the purpose of meditation and prayer, and a place of business, into which the public has consent during business hours to enter for the purpose of transacting business.

In Gonzales v. State, 50 S. W. 1018, we said, in part, as follows:

"Although the store had evidently been open for business, we do not understand a person can enter such store, by opening the door that is latched, for the purpose of stealing, merely because customers are authorized to enter the store for the purpose of business."

Later on in the opinion, we find the following:

". . . but the requested charge . . . proceeded solely on the idea that because the store was open for business, although the door was shut and latched, there could be no such thing as the burglary of a store in that condition. We do not understand this to be the law."

We are impressed with the reasoning of the Supreme Court of California in the relatively early case of People v. Brittain, 75 Pac. 314. Therein, we find the following:

"It would be an impeachment of the common sense of mankind to say that a thief who enters a store with intent to steal does so with the owner's consent or upon his invitation. It is true the thief must have clothes and food, and may enter a store to procure them. And if after he enters he changes his mind and concludes to steal, and not purchase his supplies, it would be larceny. But if it be proven that he entered with intent to steal, the law will not, in the face of such proof, shield him from punishment as a burglar on the assumption that he has the consent and invitation of the proprietor to so enter."

In the normal burglary case, the state must rely upon the acts of the accused after entry for its evidence of his intent at the time of entry—not so in the case at bar. Where the state has other evidence of intent to commit a felony or the crime of theft, prior to entry, and an entry and breaking is shown, then the offense of burglary of a place of business during business hours or, as in the case at bar, a church has been established, notwithstanding an express or implied consent to enter for lawful purposes.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.