Lawrence Allen **THOMMEN**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 48116.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

J. C. Carroll, Jr. (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Martin McVey, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

Appellant, indicted on two counts of burglary, was convicted of burglary by concealment. He was tried before the Court without a jury and his punishment assessed at three years.

According to appellant's oral confession admitted without objection, he entered a food store in Houston at approximately 7 p. m. intending to steal drugs from the pharmacy department therein. He concealed himself in the back area of the store awaiting normal closing of the store at 8 o'clock. The doors of the store were closed and locked at the usual closing time but the manager stayed in the store to attend to some of his accounts. About 10 o'clock on the same night, appellant came up to the manager of the store stating that he had entered the store "with the intent to rob the pharmacy * * * [but] had lost all gumption for doing it and he wanted to give himself up."

The manager notified the security officer of the store and the latter arrived shortly thereafter at which time appellant repeated his oral confession. Additionally, appellant showed the security man how he had obtained a "diddy" bag in which to place the drugs which he intended to steal from the shelves of the pharmacy, and how he had made arrangements to climb over the partial partition which separated the pharmacy from the remainder of the store. In preparing for his climb over the partial partition, he had removed some wine bottles from their usual shelves and had taken some gloves from another part of the store which were placed nearby.

Appellant did not testify upon the guilt-innocence stage of the trial and comes for-

ward with a single ground of error contending that the trial court erred in overruling his motion for an instructed verdict as to the second count in the indictment because there was "an absence of evidence to prove the essential elements of the offense of burglary as defined by Articles 1389 and 1392, Texas Penal Code."

State's counsel argues that there is nothing presented for review by appellant's ground of error just quoted since the Court was not required to rule upon the motion for an instructed verdict at the time the State rested its case. Shirley v. State, 501 S.W.2d 635 (Tex.Cr.App.1973), and Davis v. State, 440 S.W.2d 291 (Tex. Cr.App.1969), are cited in support of the contention so advanced. Neither case is in point since in each instance the defense introduced evidence after the State had rested and, in passing on the sufficiency of the evidence, Judge Douglas stated: "This court looks to all of the evidence in the case, not just that offered by the State to test its sufficiency." *Davis*, supra (440 S. W.2d at 293). Other than the evidence heard on the punishment phase of the case, all of the evidence was in at the time the State rested its case. Thus, we consider the ground as presented.

The uncontradicted evidence in our record shows that appellant entered the store shortly after seven o'clock along with the other customers; that until eight o'clock appellant "would be just as welcome to come into that store as any other customer." There was no evidence that appellant had used any force to gain entry. From this premise, he argues that the State's evidence failed to show burglary.

Burglary is defined in Art. 1389, Vernon's Ann.P.C., in this language:

"The offense of burglary is constituted by entering a house by force, threats or fraud, at night, *or in any manner by entering a house at any time, either day or night, and remaining concealed therein,* with the intent in either case of committing a felony or the crime of theft." [1]

Entry is defined in Art. 1392, V.A. P.C.:

"The 'entry' into a house includes every kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent; it is not necessary that there should be any actual breaking to constitute burglary, except when the entry is made in the daytime."

Appellant argues that when the Legislature amended Art. 1389 in 1967, and left Art. 1392 untouched, it "explicitly retained one exception to what constitutes a burglarious entry, to-wit: free consent to enter." Counsel cites many cases beginning with Edwards v. State, 36 Tex.Cr.R. 387, 37 S.W. 438 (1896), as well as others mentioned in the margin.[2] However, appellant admits, as indeed he must, that he "has been unable to locate any cases since the 1967 amendment [to Art. 1389] which address themselves directly to answering the issue in question." We make the same admission, which requires a detailed analysis of the statute before and after such amendment.

At common law, burglary was the breaking and entering of the dwelling of another, at nighttime, with the intent to commit a felony therein. 12 C.J.S. Burglary § 1, p. 664 (1938). But, Texas has never adopted the common law definitions of crimes and offenses. Art. 3, V.A.P.C. From the earliest times, the offense of

---

1. The change wrought by the 1967 amendment was to substitute the word "any" in the italicized language quoted above for the word "like." Acts 1967, 60th Leg., p. 1141, ch. 505, § 1. All emphasis herein has been supplied unless otherwise indicated.

2. Smith v. State, 60 S.W. 668 (Tex.Cr.App. 1901); Malloy v. State, 58 Tex.Cr.R. 425, 126 S.W. 598 (1910); Casa v. State, 125 Tex.Cr.R. 186, 67 S.W.2d 288 (1934); Luce v. State, 128 Tex.Cr.R. 287, 81 S.W.2d 93 (1935); St. Louis v. State, 59 S.W. 889 (Tex. Cr.App.1900).

burglary has been defined by Texas statutes more broadly than at the common law. Thus, the penal code adopted in 1856 was amended in 1876 so as to read: "The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house during the day, and remaining concealed therein until night, with the intent, in either case, of committing felony or the crime of theft." 8 H. Gammel, Laws of Texas 1067 (1898). In 1897, the statute was amended again to include entering a house "at any time, either day or night, and remaining concealed therein," etc. 10 H. Gammel, Laws of Texas 1119 (1898). This statutory definition continued in effect until the 1967 amendment noted earlier.

Many of the Texas cases arising under this "concealment" portion of the burglary statute prior to the 1967 amendment are summarized in the annotation appearing in 93 A.L.R.2d 531, 541, "Burglary—Entry with Consent" (1964). These cases, many of which are also cited in footnote 1, supra, all stand for the proposition that a conviction cannot be sustained under this provision of the statute "without proof that the entry was made by or embraced any element of either force, threats, or fraud."

The rule of construction of words used in a penal statute is to be found in Art. 8, V.A.P.C.: "[A]ll words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." See also, Bradfield v. State, 73 Tex.Cr.R. 353, 166 S.W. 734 (1914), for a general discussion of the rule of statutory construction governing our action.

Thus, Art. 1389, before the amendment, containing the word "like" supported the conclusion reached by this Court in the cases enumerated above. The phrase "or in *like* manner", following "force, threats,

or fraud" dictated the result reached by this Court. Webster's Third New International Dictionary (1967) defines the adjective "like" as being "the same or nearly the same" with its synonyms being "alike, similar, analogous, comparable, akin, parallel, uniform, identical."

The Legislature made a profound change in the statute by the 1967 amendment although it changed only one word: "any" was substituted for "like" in the phrase under consideration. In another context, the word "any" was defined in City of Austin v. Salyer, 441 S.W.2d 862, 865 (Tex.Civ. App., Austin, 1969, error ref. n.r.e.), in this manner:

"The word 'any' is defined in Black's Law Dictionary (Fourth Edition) as meaning: 'Some; one out of many; an indefinite number * * * It is often synonymous with "either" * * * and is given full force of "every" or "all." ' Webster's Collegiate Dictionary (Fifth Edition) defines 'any' as: 1. Being one (or, pl., some) indiscriminately of whatever kind; no matter what one; * * * 2. Being one (or, pl., some) indiscriminately of whatever quality; not none; no matter how great or small; * * * 3. That is unmeasured or unlimited; * * *"

■ It follows, therefore, that we are drawn ineluctably to the conclusion that the effect of the 1967 amendment had the effect of changing the rule of law announced in the series of cases relied upon by appellant; and, under the statute as it read at the time of the offense, the State was not required to prove that the entry was by force, threats or fraud.

■ Nor are we impressed by appellant's "consent" argument based on Art. 1392, supra. Under his own confession, he entered the store for the purpose of committing theft and concealed himself until after the normal closing hours of the store. His entry into the store was, as we have held, violative of the amended Art. 1389.

His consent theory must fall under the language of Trevino v. State, 158 Tex.Cr.R. 252, 254 S.W.2d 788, 789 (1952). This holding, and particularly the long quotation from the California case cited by Judge Morrison, is dispositive of the argument advanced by appellant.

Finding no error, the judgment of the trial court is affirmed.

Opinion approved by the Court.