**Charles Wayne EPPINGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–102–CR.**

Court of Appeals of Texas, Austin.

Nov. 21, 1990.

Rehearing Overruled Jan. 9, 1991.

Discretionary Review Refused March 13, 1991.

Bod D. Odom, Austin, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Bell County Dist. Atty.'s Office, Belton, for appellee.

Before SHANNON, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

A jury found appellant guilty of burglary of a habitation. Tex.Pen.Code Ann. § 30.02(a)(1) (1989). The district court assessed punishment, enhanced by a previous felony conviction, at imprisonment for twenty-two years.

The indictment alleged and the jury found that on the night of January 15, 1990, appellant entered a habitation without the effective consent of the owner, John Foss, with intent to commit theft. Appellant contends that the evidence is insufficient because the State failed to prove that he entered the habitation without Foss's effective consent.

Foss lived in a one-room apartment at the Lamar Motel in Temple. Foss testified that after returning to his apartment following dinner at a nearby cafe, he took two prescription pills for pain and drank two beers. Foss, an admitted alcoholic, stated that he was groggy and drowsy, but not intoxicated. As Foss lay on his bed, a person knocked at the door of the apartment. Thinking it was an acquaintance, Foss called out for the person to enter. A man Foss had never seen nor met, identified at trial as appellant, entered carrying what Foss described as a club. Appellant asked Foss for a cigarette. Foss told him there was a pack on top of the television. Appellant walked to the television, took a cigarette, and also picked up $200 in cash lying on the dresser. As appellant left the apartment, Foss lunged at him, tearing his shirt pocket. Appellant's driver's license and social security card fell to the floor.

Although Foss said he had never before seen appellant, he did testify that a man attempted to speak to him as he was walking to the cafe. Foss could not identify appellant as that man. Eddy Smith, an employee of the motel, testified that he saw appellant, whom he knew, walking with Foss toward a bar across the street from the motel on the night of the offense. Later, he saw appellant rapidly walking away from the motel.

Appellant testified that he met Foss two nights before the alleged offense. According to appellant, he and Foss spent the next two days drinking in Foss's apartment. Appellant admitted taking the $200, saying Foss had given it to him to purchase cocaine.

"Consent" means assent in fact, whether express or apparent. Tex.Pen. Code Ann. § 1.07(a)(9) (1974). It is undisputed that Foss expressly assented to appellant entering his apartment. Because absence of consent to enter is an element of burglary, appellant contends that the State failed to sustain its burden of proof, citing *Britton v. State*, 145 S.W.2d 878 (Tex.Cr.App.1940), and *Villanueva v. State*, 711 S.W.2d 739 (Tex.App.1986), pet. ref'd, 725 S.W.2d 244 (Tex.Cr.App.1987). In these cases, convictions for burglary of a habitation were set aside where the evidence demonstrated that the defendant had entered the premises with the consent of the owner.

The State replies that Foss consented to appellant's entry for a lawful purpose only, while the evidence demonstrates that appellant entered for the purpose of committing theft. Because appellant did not have Foss's consent to enter to commit theft, the State concludes that the required lack of consent was proved. The State relies on the opinions in *Trevino v. State,* 254 S.W.2d 788 (Tex.Cr.App.1953) (opinion on rehearing), and *Thommen v. State*, 505 S.W.2d 900 (Tex.Cr.App.1974).

*Trevino* and *Thommen* dealt with the question of whether a premises open to the public (a church in *Trevino*, a store in *Thommen* ) could be burglarized. The defendant in each case argued that his burglary conviction should be set aside because he had entered the building with the

consent of the owner. The court rejected this argument, reasoning that the public had consent to enter the premises for a limited purpose (meditation and prayer in one case, the conduct of business in the other) that did not include theft. The court held that where the State has evidence, independent of the entry and subsequent theft, demonstrating that a defendant had the intent to steal at the time he entered a building open to the public, the offense of burglary is shown notwithstanding the express or implied consent to enter for a lawful purpose. To the same effect are the earlier cases of *Gonzales v. State*, 50 S.W. 1018 (Tex.Cr.App.1899), and *Thurston v. State*, 103 S.W.2d 770 (Tex.Cr.App.1937).

*Trevino* and *Thommen* were prosecutions under the 1925 penal code, and were effectively overruled by the adoption of the current code. Under § 30.02(a)(1), a person commits burglary of a building with intent to commit a felony or theft only if the building is not open to the public when he enters. Further, the State cites no case applying the rationale of *Trevino* and *Thommen* in a prosecution, under either the current or former penal code, for burglary of a habitation. Of course, Foss did not intend to give appellant consent to steal when he permitted him to enter his apartment (indeed, he testified to that effect), but neither did the victims in *Britton* and *Villanueva*, in which the owner's consent to enter was held to preclude conviction for burglary.

Under the State's argument, a person would be guilty of burglary of a habitation if he entered with the intent to commit a felony or theft. This ignores the additional element required by § 30.02(a)(1), that the entry be without the owner's effective consent. Under the statute, *both* elements must be present. Proof that the defendant had the requisite intent does not dispense with the necessity of proving that the owner did not effectively consent to the entry.

▮ In a related argument, the State contends that Foss's consent to enter was not effective because it was induced by appellant's fraud. Tex.Pen.Code Ann. § 1.07(a)(12)(A) (1974); *Gordon v. State*,

633 S.W.2d 872 (Tex.Cr.App.1982). In *Gordon*, the defendant gained entry into the victim's residence under the pretense of wanting to use the telephone. The court found that the defendant's entry was secured by fraud, thereby negating effective consent. This reasoning would apply here if, for example, appellant had knocked on Foss's door and, through the screen, asked for a cigarette. But in fact, there is no evidence of fraudulent or deceptive behavior by appellant. Although Foss testified that he thought appellant was a friend and gave him consent to enter on that basis, appellant did nothing to foster that mistaken belief.

▮ Finally, the State argues that Foss's consent to enter was not effective because appellant knew Foss was unable to make reasonable decisions by reason of intoxication. Tex.Pen.Code Ann. § 1.07(a)(12)(C) (1974). This assumes, of course, that the jury disbelieved Foss's testimony that he was not intoxicated. But disbelief of Foss is not enough; there must be evidence to support a finding that Foss was intoxicated and that appellant knew that when he knocked on Foss's door. Eddy Smith testified that he saw appellant with Foss a short time before the offense, but he did not testify that Foss was intoxicated at that time. Smith said that the men were walking toward a bar, but he did not say that he saw them enter the establishment. The owner of the bar was called as a defense witness, but she was not asked on direct or cross-examination whether Foss had been drinking at the bar on the night of the offense. She did testify that she did not know appellant.

The only evidence that supports this theory is appellant's testimony that he and Foss spent the two days leading up to the night in question drinking together in Foss's apartment. It is possible to infer from this testimony that Foss was intoxicated on the night of January 15, and that appellant knew it. But if this evidence is taken as true, there must be other evidence to support a finding that appellant was no longer an invited guest when he knocked

on Foss's door that night. There is no such evidence.

Although this theory is not advanced by the State, we also note that there is no evidence that Foss's consent was induced by force or threat. Tex.Pen. Code Ann. § 1.07(a)(12)(A) (1974). Foss testified that appellant was carrying a club and that this scared him, but Foss did not see the club until after appellant entered the apartment.

We find that there is no evidence that appellant entered Foss's apartment without effective consent. In fact, the relevant evidence is to the contrary. While appellant was shown to be a thief or even a robber, the State failed to prove that he was a burglar.

The judgment of conviction is reversed and reformed to reflect an acquittal.